## POWERS & SPALDING v. N. COOPER.

**Partnership — Purchase of Tangible Property by One Partner Did Not Include the Right to Use a Patent Belonging to the Firm.**

As a matter of law the title to the use of the patent right did not pass as it is manifest that the sale from Powers to Cooper was for cash, and of the tangible property, there being nothing said as to the use of the patent right.

**Same.**

The court should have adjudged the sale of the use of the patent right as it is not susceptible of division between them.

**Same — Injunction.**

The injunction should not have been granted as both parties were entitled to the use of the patent right until sold for division.

APPEAL FROM MASON CIRCUIT COURT.

October 4, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Previous to April 1, 1862, appellant Powers and appellee, Cooper, had been partners under the style of N. Cooper & Powers in a sheet-iron and tin-ware and metal-roofing business in Maysville, Cooper owning two and Powers one-third interest. The firm purchased of the inventor the exclusive right to use his patent in Mason county for " seaming sheet-metal roofs and crapseaming sheet metal " at the price of $200, and also two of the machines used in the business at $50 each. After this purchase Powers sold out his interest in the property of the firm to his partner, Cooper, and an invoice of the tangible property of the firm was made, the prices fixed, and Cooper paid Powers therefor in money. This right to use this patent was not put on the invoice and was never paid for by Cooper to Powers.

Cooper continued to use this patent right for some three years, and Powers who was not then in the tin and metal-roofing business did not.

When Powers and Spaulding engaged in the roofing business they began to use this patent also, whereupon Cooper filed his petition in the State Circuit Court, alleging he had purchased out Powers' interest in the right to use the patent, and prayed for and obtained an injunction against appellants' further use of it. The court on hearing adjudged that Powers had sold to Cooper his interest in the right to use the patent but had never paid for it, and, therefore, adjudged against Cooper the one-third of the original purchase price, with interest, amounting to $81.50, and perpetually enjoined appellants from the use thereof, and from which they have appealed.

Powers denies that he ever sold or intended to sell his right to use the patent of Fay.

It is manifest that the sale from Powers to Cooper was for cash and of the tangible property which was invoiced and paid for. There was nothing said as to the use of the patent right nor was it placed on the invoice nor paid for. Cooper continued to use the right, as well he might, because of his ownership of two-thirds, at least so long as Powers did not complain, and even when he filed this petition he did not acknowledge an indebtedness to Powers for his interest, nor did he tender the money therefor either to Powers or the court, but insisted that it had passed to him by the purchase and invoice.

If it did not pass by the sale and invoice Cooper should have tendered to Powers the money therefor so soon as he discovered it had not been placed on the invoice nor paid for; certainly three years is an unreasonable time for a discovery of fact which was under his immediate inspection, and as he was using the right during all this time without complaint by Powers it may be presumed he did not wish to purchase and pay for Powers' interest; at least as a matter of law the title did not pass because it was a cash sale and was not paid for, and besides it may well be doubted whether it really was intended by either party to be included, as only the tangible property of the firm seems to have been sold and invoiced.

The court should, therefore, have dissolved appellee's injunction.

The petition also seeks, alternatively, that if it be determined that Powers had not sold his interest, then that the court direct a sale that their interest might be separated by dividing the proceeds. The interest of these partners being unequal, the partnership having been dissolved, it would be unjust that Powers,

who owned only one-third, should be permitted to use the right to the same extent of Cooper, who owned two-thirds; and as the thing is not susceptible of a division between them, we have no doubt of the jurisdiction of the State chancellor to settle the partnership and to order a sale of such partnership property, as is not susceptible of division between the parties, and the court should have adjudged a sale of this right to use Fay's patent exclusively in Mason county and then divide the proceeds between Cooper and Powers.

As we are of opinion Powers did not sell his interest in the use of the patent to Cooper, and that the State chancellor had jurisdiction to order a sale for the purposes of division and settlement between the partners, we do not adjudicate the question of jurisdiction between the United States and State courts which might arise on an injunction to prevent the right of use under the patent.

Wherefore, the judgment is reversed, with directions to the court below to dissolve the injunction and to award a sale and a division of the proceeds.